Pearson, C. J.
 

 One who has possession of a chattel
 
 for himself,
 
 in respect to either a special or general property, may maintain replevin or trover. One who has possession of a chattel for another, and not for himself, cannot maintain an action.
 

 The rule is settled, and the only difficulty is in making its application. Our case falls under the first branch of the rule, as will be made apparent by citing a few instances under each.
 

 A common carrier has possession for himself in respect to his special property, and may maintain an action. So one who hires or borrows a horse is in possession for himself in respect to his special property. Such is the case in every bailment, and an action lies in the name of the bailee, and an indictment for larceny may lay it as his property.'
 

 On the other hand, an overseer holds possession for his employer and not for himself, and cannot maintain an action. So one who is driving the wagon of another is not in possession for himself, but as the servant of the other. His possession is that of the man who hired him to take charge of the wagon. Such was the status of Williams in our case. He Avas the mere servant of Scott, and his possession was Scott’s possession.
 

 So, if the sheriff making a levy puts the property in charge of a third person, who is to deliver it on the day of sale, that person is considered as a mere servant holding posses
 
 *107
 
 sion for the sheriff, and having no general or special property in himself. Such is the case in 9 Massachusetts, 104, and the other cases cited on the argument.
 

 In our case the sheriff sold the steamer to Scott, and put her in his possession, with the understanding that if the sale was not valid, he would return her to the sheriff'. Obviously Scott did not take possession for the sheriff, but for himself in respect to the general ownership which he supposed he had acquired. The character of his possession was not at all affected by the understanding as to the return of the steamer-. The suit in which the validity of the sale is put in controversy was not decided until December Term, 1860. So, from the time of the sale, 1857, up to 1860, Scott was holding possession “for himself.” During this time the sheriff had no right to take the boat from him. This is the test to show that he was not the servant of the sheriff. Suppose one hires my horse for a year, but agrees to return ■ him before the end of the year on the happening of a contingency. Will any one say that he is my servant, and is holding- possession for me and not for himself?
 

 There is error.
 

 Per Curiam.
 
 Venire de novo.